1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| XING ZHAO,<br>            Plaintiff,<br><br>vs.<br><br>TRADEGO FOREX EXCHANGE AKA TRADEGO EXCHANGE AKA TRADEGO FOREX GLOBAL WEALTH GROUP AKA FOREX GLOBAL TRADING AKA FOREX WEALTH GROUP; DAVID NEILSON AKA DAVID NIELSON, BRANDON SAVAGE AKA BRANDON NEWBERN, RONALD AMERAL AKA RONALD GREG AMERAL AKA GREG RONALD AND GRAND CAPITAL,<br><br>            Defendant.              . | Case No.:    2:23-cv-01821-JCC<br><br>COMPLAINT FOR DAMAGES |

Plaintiff Xing Zhao, pro se, upon knowledge and belief with respect to their own acts and circumstances, and on information and belief as to other matters, alleges as follows:

## I.    JURISDICTION AND VENUE

1.1       The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Securities Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

1.2       This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, Section 27 of the Securities Exchange Act and 28 U.S.C. § 1367(a).

1.3       This Court has jurisdiction over the subject matter of this action as the Defendants reside in the states of Arizona and Califirnia and the amount of claims is over $75,000.00.

COMPLAINT FOR DAMAGES - 1

1

2       1.4       Venue is proper in this District pursuant to an agreement between the

3   parties and Section 27 of the Securities Exchange Act and 28 U.S.C. § 1391(b). The Company is

4   headquartered in Arizona, and many of the acts charged herein, including the preparation and

5   dissemination of materially false and misleading information, occurred in substantial part in the

    State of Washington.

6       1.5       In connection with the acts alleged in this Complaint, Defendants, directly

7   or indirectly, used the means and instrumentalities of interstate commerce, including, but not

8   limited to, the mails and interstate telephone communications.

9

10                          **II.      THE PARTIES**

        2.1       Xing Zhao is, and at all material times mentioned herein was, a resident of

11  King County, Washington.

12      2.2       Defendants David Nielson aka David Neilson (hereinafter "Nielson") and

13   Ronald Ameral (hereinafter "Ameral") upon information and belief are and at all material times

14  mentioned herein were residents of San Diego County, California.

15      2.3       Defendants Brandon Savage aka Brandon Newburn (hereinafter

16  "Newburn") upon information and belief is and at all material times mentioned herein was a

    resident of Maricopa County, Arizona.

17      2.4       Defendants TradeGo Forex Exchange aka TradeGo Exchange, aka

18  TradeGo Forex Global Wealth Group, aka Forex Global Trading, aka Forex Wealth Group

19  (hereinafter "TradeGo") upon information and belief is and at all material times mentioned

20  herein was a business alleged to have a principal location located in Arizona.

21      2.5       Defendant Grand Capital upon information and belief is and at all material

22  times mentioned herein was a business as a forex exchange broker alleged to have a principal

    location located in Saint Vincent and the Grenadines or the Seychelles.

23

24                          **III.     FACTS**

25      3.1       The Defendants advertised in the Financial Services section of Seattle

26  COMPLAINT FOR DAMAGES - 2

Craigslist offering their services with helping consumers make money through their trading company TradeGo Forex Exchange et al., a trading program tied to commodities, forex, and stocks boasts high profitability. They were claiming low-risk FX trading activity.

3.2    From 2019 to 2021 the Defendants solicited money from the Plaintiff telling him they were expert investors and stated "they guarantee 80% of the principal and the drawdown is never more than 10%."

3.3    TradeGo Forex Exchange employees do not hold the proper registrations from either Federal or State regulators, thus are not recognized as dealers.

3.4    At or around early August 2020, David Nielson, a member of TradeGo Forex who's other two members were Brandon Newbern (Managing member) and Ronald Ameral, advertised in Seattle Craigslist for investors for forex exchange with 50/50 profit share and 80 stoppages with the broker Grand Capital. Grand Capital would match 100% for new accounts.

3.5    To convince the Plaintiff to do it, David made him set up a demo account with Grand Capital and traded forex for that account for a week and Plaintiff monitored that account for the trades.

3.6    After a seemingly successful week of trading, Plaintiff was persuaded to invest the minimum amount of $25,000 with them. As the only way of transferring the funds to the brokerage was through bitcoin, Brandon offered to do the transfer for the Plaintiff wiring the funds to his business account with BBVA.

3.7    Plaintiff transferred the $25K to Brandon's account through overnight ACH but BBVA needed five business days to clear the funds. As a result, the converted dollar amount was about $20K due to the bitcoin fluctuation. So, Brandon offered to trade the amount up before moving the funds to Plaintiff's own account. He combined Plaintiff's funds with others into a $500,000 account and sent Plaintiff the trade account details for him to monitor the trades.

3.8    The $500,000 account was traded really well and its value went up to $5,000,000 in about 4 weeks.

3.9    David proposed a new deal to the Plaintiff, for him to invest $100,000 with 60% profit to him and stoppage trading if the account loses 20% of its value. Plaintiff agreed to do it.

3.10    On September 23, 2020, Plaintiff wired $100K to Brandon Newburn's account at BBVA in Arizona for him to do forex trading for him. However, Brandon's bank, BBVA,

COMPLAINT FOR DAMAGES - 3

did not release the funds to him but asked Plaintiff's bank, Bank of America (BOA), to verify the wire. BBVA sent a SWIFT message to BOA for the wire validation and BOA did it accordingly.

3.11    Brandon then told the Plaintiff that BBVA still did not release the funds to him after the validation and froze his account. Plaintiff does not know if this was true or not.

3.12    Plaintiff then asked BOA to recall the wire since BBVA froze Brandon's account. However, BOA never received any response from BBVA on the wire recall. This might be because BBVA had released the funds to Brandon already.

3.13    Early 2021, Plaintiff learned that The State of Texas issued a cease-and-desist order for Brandon Newbern to stop doing any trading in Texas, see attached. Then Plaintiff asked BOA to have another wire recall due to fraud and BOA did it accordingly but never received any response from them.

3.14    Then around the end of February of 2021, Brandon wanted to wire the funds back to the Plaintiff, but BBVA stopped him doing so saying that BOA had a wire recall due to fraud. Plaintiff does not know if the funds were his or from other sources.

3.15    Plaintiff contacted the banking department in the State of Alabama where BBVA was registered. BBVA informed the department that BBVA could not send the funds back to him because BOA sent them a wire validation. No mention of the other wire recalls due to fraud.

3.16    The banking department advised Plaintiff to seek legal advice since they could not give him any information due to privacy laws. They felt that the funds were released to Brandon Newbern, and Plaintiff should take legal action against him and his associates and BBVA. Then BBVA will release details on Brandon's bank account to him.

3.17    Plaintiff does not really know what happened. He does not know whether BBVA released the funds to Brandon or still holds his funds. All defendants do not take the Plaintiff's calls anymore. He does not know whether the people in Texas filed lawsuits or obtained any judgments or not or made complaints to the FBI.

## IV.    FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

4.1    Xing Zhao repeats and re-alleges each of the foregoing allegations as

COMPLAINT FOR DAMAGES - 4

though fully set forth herein.

4.2     The parties, for valuable consideration, entered into a valid and enforceable contract in August and September of 2020, for performance of services by TradeGo Forex Exchange in return for investments made by the Plaintiff.

4.3     Xing Zhao has fully performed all of its covenants and obligations under the contract.

4.4     Implicit in the Contract is a covenant of good faith and fair dealing obligating the parties to act towards each other in good faith, to deal fairly with one another, to make all material disclosures, and not to do anything which might deprive the other of the expectations and benefits of the Contract and obligating each party to do everything that the Contract presupposes to accomplish its purposes. For the reasons stated herein, Defendants have breached the covenant of good faith and fair dealing.

4.5     As a direct and proximate result of the Defendants breaches as described herein, Plaintiff has been damaged in an amount to conform to proof at trial, plus interest as allowed by law, and attorneys' fees and costs as provided by law.

## V.     SECOND CAUSE OF ACTION
## COMMON LAW FRAUD

5.1     Xing Zhao repeats and re-alleges each of the foregoing allegations as though fully set forth herein.

5.2     The defendants made a false representation of a past or existing material fact susceptible of knowledge.

5.3     The defendants did so knowing the representation was false, or without knowing whether it was true or false.

5.4     The defendants intended to induce the plaintiff to act in reliance on that representation.

5.5     The plaintiff acted in reliance on the defendant's false representation.

5.6     The plaintiff suffered pecuniary damage as a result of that reliance.

COMPLAINT FOR DAMAGES - 5

# VI.    THIRD CAUSE OF ACTION

## VIOLATION OF SECTION 206(2) OF THE ADVISERS ACT, 15 U.S.C. § 80B-6)(2)

6.1    Xing Zhao repeats and re-alleges each of the foregoing allegations as though fully set forth herein.

6.2    Defendants directly or indirectly engaged in conduct set forth above, through instrumentalities of interstate commerce, while engaged in business of advising others for compensation as to the advisability of investing in, purchasing, or selling securities, with scienter, employed devices, schemes, or artifices to defraud.

6.3    By reason of the foregoing, defendants violated, and unless restrained and enjoined will continue to violate, Section 206(1) of the Advisers Act, 15 U.S.C. § 80b-6(1).

6.4    Defendants by engaging in the conduct set forth above, directly or indirectly, through use of the instrumentalities of interstate commerce and while engaged in the business of advising others for compensation as to the advisability of investing in, purchasing, or selling securities, engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon clients or prospective clients.

6.5    By reason of the foregoing, defendants violated, and unless restrained and enjoined will continue to violate, Section 206(2) of the Advisers Act, 15 U.S.C. § 80b-6(2).

# VII.    FOURTH CAUSE OF ACTION

## FRAUDULANT MISREPRESENTATIONS

7.1    Xing Zhao repeats and re-alleges each of the foregoing allegations as though fully set forth herein.

7.2    The defendant made a false representation of a past or existing material fact susceptible of knowledge.

7.3    The defendant did so knowing the representations were false.

7.4    The defendant intended to induce the plaintiff to act in reliance on that representation.

7.5    The plaintiff acted in reliance on the defendant's false representation.

7.6    The plaintiff suffered pecuniary damage as a result of that reliance.

## VIII.   FIFTH CAUSE OF ACTION

## VIOLATION OF RCW 21.20.010 AND 21.20.140(1) OR (2) IF WASHINGTON STATE SECURITIES ACT

8.1      Xing Zhao repeats and re-alleges each of the foregoing allegations as though fully set forth herein.

8.2      Defendants sold and/or offered to sell securities while not registered as a securities broker-dealer or securities salesperson in the State of Washington in violation of RCW 21.20.040.

8.3      Defendants made untrue, misleading statements of material fact, and omission(s) of material fact, in connection with the offer and sale of securities, in violation of RCW 21.20.010.

8.4      Section 17(a) provides:

It shall be unlawful for any person in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly--

(1) to employ any device, scheme, or artifice to defraud, or

(2) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(3) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser. 15 U.S.C. § 77q(a).

## IX.   PRAYER FOR RELIEF

WHEREFORE, the Plaintiff Xing Zhao respectfully requests this court order:

1.   On the First Cause of Action, a judgment in favor of the Plaintiff in an amount to be determined at trial but not less than $310,000.00.

2.   On the Second Cause of Action, a judgment in favor of the Plaintiff in an amount to be determined at trial but not less than $125,000.00.

3.   On the Third Cause of Action, a judgment in favor of the Plaintiff in an amount to be

COMPLAINT FOR DAMAGES - 7

determined at trial but not less than $125,000.00.

4.  On the Fourth Cause of Action, a judgment in favor of the Plaintiff in an amount to be determined at trial but not less than $125,000.00.

5.  On the Fifth Cause of Action, a judgment in favor of the Plaintiff in an amount to be determined at trial but not less than $125,000.00.

6.  Attorney and legal fees.

7.  Costs of court.

8.  Any such other and further relief as the Court deems just and proper.

I declare under penalty of perjury under the State of Washington that the foregoing is true.

Dated: November 22, 2023

Xing Zhao, Plaintiff pro se

4721 135th Pl SE

Bellevue, WA 98006

(425) 615 1997

Bay3700@gmail.com

COMPLAINT FOR DAMAGES - 8