THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

XING ZHAO

                              Plaintiff,

        v.

TRADEGO FOREX EXCHANGE, *et al.*,

                              Defendants.

CASE NO. C23-1821-JCC

ORDER

This matter comes before the Court on Plaintiff's motion to serve Defendants David Neilson and Ronald Ameral by publication (Dkt. No. 12). The Court hereby DENIES the motion for the reasons explained herein.

Plaintiff alleges certain individuals and entities fraudulently obtained his investment funds. (*See* Dkt. No. 1 at 4.) He filed suit based on diversity jurisdiction. (*Id.* at 1–2.) According to the instant motion, Plaintiff has been unable to personally serve two Defendants: David Neilson and Ronald Greg Ameral despite his good-faith attempt. (*See* Dkt. No. 12 at 1–2.) On this basis, he asks for leave to now serve them by publication. (*Id.* at 2.)

A plaintiff who files a complaint in district court may serve a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Said another way, if service is carried out according to the requirements of state law, a federal court must refer

ORDER
C23-1821-JCC
PAGE - 1

to state laws and judicial precedents to ascertain whether service is effective. *See Barlow v. Ground*, 39 F.3d 231, 234 (9th Cir. 1994). Here, Plaintiff contends both Defendants at issue may reside in California, specifically the San Diego area, but Plaintiff has been unable to locate and personally serve them. (Dkt. No. 12 at 1–3.) This is despite various attempts to do so.

Plaintiff attempted to serve Mr. Neilson at a San Diego-area address which was listed as his residence for an unrelated cease-and-desist order. (*See id*; Dkt. No. 11-1.) But the summons returned unexecuted, as there was no record of Mr. Neilson residing there. (*See* Dkt. No. 11-1.) Nevertheless, Plaintiff believes Mr. Neilson resides in the San Diego area based on their previous discussions. (Dkt. No. 12 at 2.) As to Mr. Ameral, while Plaintiff did locate an address for him within the San Diego area, when he attempted to serve him there, the service provider was informed that Mr. Ameral no longer resided at that address. (*Id*.) Through skip tracing, an address for Mr. Ameral was found in Arizona. (*Id.*)

Given that the instant complaint was filed with this Court, service under Washington is appropriate. Moreover, since these Defendants may reside in California and, possibly, Arizona, the laws governing service in those jurisdictions are also relevant. *See* Fed. R. Civ. P. 4(e)(1). However, based on Plaintiff's motion, including related declarations, the Court must conclude that Plaintiff has failed to satisfy the requirements for service under any of these jurisdictions. For this reason, it cannot yet authorize service by publication. A brief description of the rules for each follows.

### A.    Service Pursuant to Washington Law

Washington authorizes service by publication in only limited circumstances. *See* RCW 4.28.100. It is only available when the defendant cannot be located with reasonable diligence. *Parkash v. Perry*, 700 P.2d 1201, 1203 (Wash. Ct. App. 1985). And for leave to do so, a plaintiff must file an affidavit[1] with the court explaining its effort to locate the defendant.

---

[1] That affidavit requires the following attestations: (1) the defendant is not a resident of the state, or cannot be found in the state; (2) that the plaintiff has mailed a copy of the summons and complaint via the post office to the defendant's residence; and either (3)(a) the nonresident

RCW 4.28.100. It must outline *in detail* the efforts made to locate the defendant; an affidavit that merely provides conclusory statements will not suffice. *In re Marriage of Powell*, 927 P.2d 1154, 1156 (Wash. Ct. App. 1996). Moreover, "where a plaintiff possesses information that might reasonably assist in determining a defendant's whereabouts, but fails to follow up on that information, the plaintiff has not made the honest and reasonable effort necessary to allow for service by publication." *Brenner v. Port of Bellingham*, 765 P.2d 1333, 1336 (Wash. Ct. App. 1989). Strict compliance is required. *See Boes v. Bisiar*, 94 P.3d 975, 979 (Wash. Ct. App. 2004).  Finally, if leave of the Court is provided, the publication must be in a generally circulated newspaper in the county where the action is brought, published once a week for six consecutive weeks, and not until after the complaint is filed. *See* RCW 4.28.110.

> **B.     Service Pursuant to California Law**

A summons can be served by publication if it is proven to the Court's satisfaction, through an affidavit, that the party to be served cannot be reached through other specified methods and either: (1) there is a valid cause of action against them or they are necessary to the case, or (2) they have or claim an interest in property in the state or the relief sought involves excluding them from that property. Cal. Civ. Proc. Code 415.50. To show that a cause of action exists, Plaintiff must provide the Court with a sworn statement of facts, not just a verified complaint or a declaration containing a medley of conclusions. *See Harris v. Cavasso*, 137 Cal. Rptr. 410, 411 (Cal. Ct. App. 1977); *Islamic Republic of Iran v. Pahlavi*, 206 Cal. Rptr. 752 (Cal. Ct. App. 1984).

The affidavit must provide evidence of "reasonable diligence by 'probative facts' based on personal knowledge." *Olvera v. Olvera*, 283 Cal. Rptr. 271, 278 (Cal. Ct. App. 1991). Reasonable diligence "denotes a thorough, systematic investigation and inquiry conducted in

---

defendant has property in Washington and the Court has jurisdiction of the subject of the action or (3)(b) the case involves real or personal property in this state, and the defendant either has a claim or interest in it, or the relief sought includes removing the defendant's claim or interest in the property. RCW 4.28.100(3), (6).

good faith by the party." *Watts v. Crawford*, 896 P.2d 807, 811 n.5 (Cal. 1995). Service by

publication may not be used if service by some other more effective method is possible.

*Quaranta v. Merlini*, 237 Cal. Rptr. 179, 185 (Cal. Ct. App. 1987); *see also Watts v. Crawford*,

896 P.2d 807, 812 (Cal. 1995) (holding that service by publication is a method of last resort). If

service by publication is appropriate, the summons is to be published in a local newspaper likely

to reach the party. Cal. Civ. Proc. Code 415.50(b). Notice shall be once a week for four

successive weeks. Cal. Gov't Code 6064. In addition, if the party's address becomes known

before this publication period ends, the Court may order copies of the summons and complaint

be mailed to that address. Cal. Civ. Proc. Code 415.50(b).

### C.    Service Pursuant to Arizona Law

Service by publication is permissible if: (1) the serving party, despite reasonably diligent

efforts, has been unable to determine the person's current address; or the person to be served has

intentionally avoided service of process; (2) service by publication is the best means practicable

in the circumstances for providing notice to the person of the action's commencement; and (3)

the motion is supported by affidavit that sets forth the serving party's reasonably diligent efforts

to serve the person. Ariz. R. Civ. P. 4.1(l). Service by publication is not a preferred means of

service and notice via publication is "less certain" than direct personal service. *Ritchie v.

Salvatore Gatto Partners, L.P.*, 222 P.3d 920, 923 (Ariz. Ct. App. 2010). "[P]ublication satisfies

due process minimum notice requirements if it is the best means of notice under the

circumstances and it is reasonably calculated to apprise the interested parties of the pendency of

the action." *Master Fin., Inc. v. Woodburn*, 90 P.3d 1236, 1240 (Ariz. Ct. App. 2004).

Service by publication involves printing the summons and a statement explaining how to

obtain a copy of the document being served. Ariz. R. Civ. P. 4.1(l). This must be done weekly for

four consecutive weeks: (i) in a newspaper published in the county where the action is pending,

and (ii) if the last-known address of the person being served is in another county, then in a

newspaper in that county as well. *Id.* The individual or party responsible for service must create,

sign, and submit an affidavit detailing the method and dates of publication and mailing, along with the reasons justifying service by publication. *Id*; *Sprang v. Petersen Lumber, Inc.*, 798 P.2d 395, 400 (Ariz. Ct. App. 1990). An affidavit[2] which merely asserts, in conclusory fashion, that a duly diligent effort to locate the defendant had been made is insufficient. *Barlage v. Valentine*, 110 P.3d 371, 375 (Ariz. Ct. App. 2005).

Fundamentally, the Court cannot authorize Plaintiff to serve Defendants by publication because his request for leave to do so is both procedurally deficient and inadequate in its showing of reasonable diligence. For instance, Plaintiff's explanation of what steps public data providers undertook to locate Defendants is unclear. In addition, his description of what constitutes a "skip trace" is vague, and leaves the Court unclear as to the methods, manner, and databases used or not used to locate each Defendant. Furthermore, Plaintiff only requests service by publication in California. Yet, an address for Defendant Ameral was found in Arizona. (Dkt. No. 12 at 2.)

Accordingly, Plaintiff's motion to allow service by publication on Defendants Neilson and Ameral is DENIED without prejudice.

DATED this 6th day of March 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] A printed version of the published material must be included with the affidavit and an affidavit meeting these criteria constitutes *prima facie* evidence of adherence to the standards for service by publication. Ariz. R. Civ. P. 4.1(l).