UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| XING ZHAO,<br>　　　　　Plaintiff,<br><br>vs.<br><br>TRADEGO FOREX EXCHANGE AKA TRADEGO EXCHANGE AKA TRADEGO FOREX GLOBAL WEALTH GROUP AKA FOREX GLOBAL TRADING AKA FOREX WEALTH GROUP; DAVID NEILSON AKA DAVID NIELSON, BRANDON SAVAGE AKA BRANDON NEWBERN, RONALD AMERAL AKA RONALD GREG AMERAL AKA GREG RONALD AND GRAND CAPITAL, AND PNC BANK,<br><br>　　　　　Defendant.　　　　． | Case No.: 2:23-cv-01821-JCC<br><br>PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>[Fed. R. Civ. P. 55(b)(2); Local Civil Rule 55(b)]<br><br>NOTE ON MOTION CALENDAR:<br><br>NOVEMBER 28, 2025 |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

**I.　　INTRODUCTION**

Plaintiff Xing Zhao, pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55(b) for entry of default judgment against Defendants TradeGo Forex Exchange, Brandon Newbern, Ronald Greg Ameral, David Nielson, and Grand Capital ("Defaulting Defendants"). Each Defaulting Defendant was properly served with the Summons and Complaint, failed to plead or otherwise defend, and has had default entered against them by the Clerk pursuant to Rule 55(a). Plaintiff now seeks judgment in the

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT - 1

total amount of $800,000.00, plus prejudgment interest, costs, and post-judgment interest under 28 U.S.C. § 1961.

## II.    FACTUAL BACKGROUND

As set forth in the Second Amended Complaint for Damages, Plaintiff invested substantial funds with Defendants through their fraudulent entity "TradeGo Forex Exchange," believing the money would be traded in legitimate foreign exchange markets. Between August 2020 and early 2021, Plaintiff transferred $25,000 first through bank ACH and later $100,000 through wire transfer, respectively, to Defendants. The $25,000 was traded on Grand Capital platform and grew to $200,000. However, Plaintiff never received the $200,000 or any part of it. Defendants misappropriated the wired $100,000 rather than investing. Defendants induced Plaintiff through false promises of guaranteed returns and falsely represented that funds were being held and traded by a licensed broker. None of the Defendants were properly registered with U.S. or Washington State regulators.

## III.    PROCEDURAL HISTORY

Plaintiff filed the original Complaint on November 22, 2023. Defendants were properly served. None of the Defaulting Defendants filed an Answer or appearance within the time permitted by Rule 12(a). On Plaintiff's motion, the Clerk entered default against these Defendants pursuant to Rule 55(a). Plaintiff now seeks entry of Default Judgment under Rule 55(b)(2).

## IV.    LEGAL STANDARD

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT - 2

Under Federal Rule of Civil Procedure 55(b), after default has been entered, the Court may enter a default judgment upon application and proof of damages. The Court must take the well-pleaded factual allegations of the complaint as true, except those relating to damages. See Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977). The Court has broad discretion in determining whether to enter default judgment and in assessing damages. Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## V.    DAMAGES

| Cause of Action | Defendant(s) | Damages |
|---|---|---|
| Breach of Contract | TradeGo Forex, Newbern, Ameral, Nielson, Grand Capital | $300,000.00 |
| Common Law Fraud | Same | $125,000.00 |
| Advisers Act §206(2) Violation | Same | $125,000.00 |
| Fraudulent Misrepresentation | Same | $125,000.00 |
| Washington State Securities Act (RCW 21.20.010, .140) | Same | $125,000.00 |
| **Total Damages** | | **$800,000.00** |

Plaintiff further requests prejudgment interest on $800,000.00 from September 23, 2020, to the date of judgment at the federal rate, costs of suit pursuant to 28 U.S.C. § 1920, and post-judgment interest at the rate prescribed by 28 U.S.C. § 1961.

## VI.   COSTS OF SUIT

**1)   Services**

| | | |
|---|---|---|
| 1. Brandon Newbern and TradeGo Exchange: | $250 | Dkt. 7 |
| 2. Ronald G Ameral | | |
| a.  First service: | $75 | Dkt. 11 |
| b.  Second service: | $75 | Dkt. 26 |
| c.  Third service: | $85 | Dkt. 27 |
| d.  Fourth service: | $92.90 | Dkt. 28 |
| 3. David Neilson | | |
| a.  First service: | $135 | Dkt. 18 |
| b.  Second service: | $379.5 | Dkt. 31 |
| 4. Grand Capital | $45 | Dkt. 24 |

**2)   Court Filing Fee**        $402

**Total Cost of Suit**        **$1539.40**

## VII.   SUPPORTING DOCUMENTS

This Motion is supported by:

Declaration of Xing Zhao (Exhibit A)

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT - 4

## VIII.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court enter Default Judgment in favor of Plaintiff and against Defendants TradeGo Forex Exchange, Brandon Newbern, Ronald Greg Ameral, David Nielson, and Grand Capital, jointly and severally, as follows:

1. Damages: $800,000.00;

2. Prejudgment interest from September 23, 2020, to judgment date;

3. Post-judgment interest under 28 U.S.C. § 1961;

4. Costs of suit: $1539.40; and

5. Such other relief as the Court deems just and proper.

Executed on: November 9, 2025

/s/ Xing Zhao
Xing Zhao, Plaintiff pro se
4721 135th Pl SE
Bellevue, WA 98006
(425) 615 1997
Bay3700@gmail.com